■ In the Matter of MARTIN L. WARZALA, Petitioner, v JAMES MELTON, as Commissioner of Motor Vehicles of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which suspended petitioner's license to drive for 20 days. Petitioner was involved in an automobile accident at about 8:00 P.M. on May 8, 1977, when a vehicle operated in a southerly direction by one Joseph

Marra passed through a yield sign at a "Y" intersection and struck petitioner's automobile head on as he prepared to bear left and continue along the main highway in a northerly route. Marra was arrested and charged with operating a motor vehicle while in an intoxicated condition (a breathalyzer test revealed he had a .21% blood alcohol content), and with failure to yield the right of way. He thereafter pleaded guilty to operating a motor vehicle while his ability was impaired by alcohol and to an equipment violation. No charges were lodged against petitioner. Following a hearing pursuant to section 510 of the Vehicle and Traffic Law, petitioner's license was suspended for a period of 60 days, the referee determining that he had failed to keep to the right at the time of the accident (see Vehicle and Traffic Law, § 1120, subd [a]). This decision was affirmed by the appeals board, but the period of suspension was reduced to 20 days. The conclusion that petitioner had failed to keep his vehicle to the right was based on a finding by the referee, accepting the investigating officer's testimony, that the impact occurred some 40 feet from the intersection in the southbound lane of travel. In our view, this finding plainly misinterprets the evidence in a critical way for the officer actually testified that the collision occurred "approximately forty feet from Boght Road." The specific points of reference for the estimation were not detailed, but it can hardly be thought that this same officer would accuse Marra of a failure to yield had he believed the incident took place outside the intersection itself. Moreover, the physical facts and the testimony of disinterested eyewitnesses were consistent in placing the accident within the intersection, giving petitioner the right of way (see Vehicle and Traffic Law, § 1142, subd [b]). Any contrary resolution of the matter would have to be considered irrational and would not possess substantial evidentiary support (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Determination annulled, and petition granted, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.